**COHN, BRACAGLIA & GROPPER**
**A Professional Corporation**
**Counsellors at Law**
**275 E. Main Street**
**PO Box 1094**
**Somerville, NJ 08876**
**908-526-1131**
**John F. Bracaglia, Jr.**
**Attorney for Debtor**
**JB – 1479**

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| MOHAMMAD ADWAN | Chapter 7 |
| Debtor | Case No.: 08-35954 RTL |

## CERTIFICATION IN SUPPORT
## OF MOTION TO QUASH SUBPOENA

John F. Bracaglia, Jr. of full age, certifies as follows:

1.    I am the attorney for the debtor in this case. The debtor filed his bankruptcy petition on December 31, 2008.

2.    Bank of America (formerly MBNA America Bank, N.A.), was listed as a creditor in the amount of $8,095.31 for account 4313-0700-2000-4120.

3.    Attached as Exhibit A is a letter from the creditor's attorneys indicating their concern regarding certain credit card charges.

4.    Along with said letter, a 2004 Subpoena was served. A copy is attached as Exhibit B. The subpoena contains a request for an excessive amount of documents, most of which are unrelated to the charges in question. For example, they seek copies of tax returns for a number of years preceding that in which the charges were incurred. They seek bank

statements and cancelled checks for periods well preceding that in which the charges were incurred, and for other unrelated items.

5.    It is submitted that the purpose of this subpoena is not to obtain relevant information, but to enhance their bargaining position with respect to their dischargeability claim. This is not a proper use for a subpoena.

6.    As a result, it is respectfully requested that the subpoena be quashed.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 23, 2009                    /s/ John F. Bracaglia, Jr.
                                                      John F. Bracaglia, Jr.

Bmot.12480.Adwan:certification.quash.2.23.09



**WEINSTEIN & RILEY, P.S.**

14 Penn Plaza, Suite 1300 ■ New York, NY 10122 ■ Tel: (800) 206-7410 ■ Fax: (212) 268-9562

*Kenneth S. Jannette, Esq.*

January 21, 2009

John F Bracaglia Jr
Attorney At Law
275 East Main Street
Po Box 1094
Somerville, NJ 08876

Re:  **Debtor:**         Mohammad Adwan
     **Bankruptcy No.:** 08-35954
     **Account No.:**    XXXXXXXXXXXX4120
     **Creditor:**       FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.)

Dear Counselor:

Our firm has been retained to represent FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.) in this bankruptcy proceeding. Based upon an initial review of this account and our recommendation, our client is considering filing an adversary proceeding pursuant to 11 U.S.C. § 523 objecting to the discharge of the debt.

A brief review of this account reveals the following:

- Between 08/27/2008 and 10/11/2008 your client accumulated $7,891.00 in retail charges.
- As a result of the above activity, the account credit limit was exceeded.

We believe that there is evidence and a sufficient basis to object to the discharge of your client's debt in this matter. As you are aware, once we bring a successful non-dischargeability action against your client, all or a portion of your client's debt may survive the bankruptcy.



40805234

**EXHIBIT A**

Before the parties incur the costs of fully pursuing a §523 action, our client is willing to provide your client the option of settling the account pursuant to one of the following two alternatives:

1. Stipulation in the sum of $7,891.00; or
2. One time cash settlement in the sum of $6,000.00

Please convey this offer to your client and contact our office at **800-206-7410** at your earliest convenience to convey your client's intentions. I trust we will be able to resolve the matter without unnecessary expense and delay. However, we are prepared to and will take all appropriate action.

Finally, we recognize that there are instances in which there may be a satisfactory explanation for evidence that otherwise appears to constitute misuse of a credit card. If you disagree with our conclusion based on the evidence, please provide us with sufficient evidence or an explanation concerning the transactions to alter our view.

Please note that I scheduled this matter for a formal §2004 examination to be conducted on 2/23/2009. <u>My office would gladly discuss with your client whether the matter can be resolved without conducting the examination and/or to reschedule it for an informal telephone conference at a mutually agreeable time prior to the bar date.</u>

Very truly yours,
**WEINSTEIN & RILEY, P.S.**

Kenneth S. Jannette, Esq.

In the event that this letter is governed by the FDCPA, we are providing the following information: Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. Unless you dispute the validity of the debt, or any portion of it, within 30 days from receipt of this notice, we will assume the debt to be valid. If you notify us in writing within 30 days after receipt of this notice that you dispute this debt, or any portion of it, we will obtain verification of the debt or a copy of the judgment against you and mail you a copy. And, if you make a written request within 30 days of receipt of this notice, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.
If you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires WR to suspend its efforts (through litigation or otherwise) to collect the debt until it mails the requested information to you.

40805234

WEINSTEIN & RILEY, P.S.
By: Kenneth S. Jannette, Esq. (04512)
14 Penn Plaza, Suite 1300
New York, New York 10122
Tel: 800-206-7410
Fax: 212-268-9562
Attorney for FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE: Mohammad Adwan,

Debtor(s).

CASE NO.: 08-35954

### NOTICE OF EXAMINATION IN ACCORDANCE WITH *F.R.B.P. 2004* AND LOCAL RULE 2004-1

TO:

Mohammad Adwan
675 Somerset St
N Plainfield, NJ 070604909

John F Bracaglia Jr
Attorney At Law
275 East Main Street
Po Box 1094
Somerville, NJ 08876
Attorneys for Debtor(s) Mohammad Adwan

**PLEASE TAKE NOTICE**, that on behalf of FIA Card Services, N.A. (f.k.a. MBNA America Bank, N.A.), the undersigned attorney will take the examination of Mohammad Adwan on **2/23/2009 at 10:00 AM** at the office of **WEINSTEIN & RILEY, P.S., 14 Penn Plaza, Suite 1300, New York, NY 10122, (800) 206-7410**, or, upon written request, at an alternate location to be agreed upon by the parties, upon oral examination before a certified court reporter or any other Notary Public or officer authorized by law to take depositions in the State of New Jersey. If the Examinee receives this notice less than seven (7) days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The examination is pursuant to *F.R.B.P. 2004*. Pursuant to Local Rule 16, no order shall be necessary.

Examinee is further required to bring to the examination the following documents:


40805234


EXHIBIT
B

1. All canceled checks and checking account statements maintained by Debtor for the one (1) year period prior to the date the Debtor filed bankruptcy.

2. All books and records evidencing Debtor's income, including payroll statements, W-2 forms and other documentary evidence of income, for the years 2007 and 2008.

3. Federal tax returns filed by Debtor for the taxable years 2005, 2006 and 2007.

4. All checks, invoices, receipts of payments and statements for the Debtor and Debtor's personal expenses, including, but not limited to credit card statements, mortgage or rental payments, utility bills, insurance premiums, automobile and/or transportation expenses, entertainment and recreational expenses, clothing expenses, capital gains and losses, gambling debts, food expenses, or medical and drug expenses, for the one (1) year period prior to the date the Debtor filed for bankruptcy.

5. All financial statements, inventories, and schedules reflecting Debtor's assets, liabilities and net worth, whether prepared by Debtor or on Debtor's behalf, for the one (1) year period prior to the date Debtor filed for bankruptcy.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been mailed on January 21, 2009 to the above addresses.

Respectfully submitted,
**WEINSTEIN & RILEY, P.S.**

BY: Kenneth S. Jannette, Esq.

40805234